IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

SHAWN GREEN,

                                        Plaintiff,

          v.                                                  Civil Action No.
                                                              9:07-CV-0351 (GTS/DEP)
GARY GREENE, *et al.,*

                                        Defendants.

_____

APPEARANCES:                              OF COUNSEL:

FOR PLAINTIFF:

SHAWN GREEN, *Pro Se*
97-A-0801
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

FOR DEFENDANTS:

HON. ANDREW M. CUOMO                      ROGER W. KINSEY, ESQ.
Attorney General of the                   ASS'T ATTORNEY GENERAL
State of New York
The Capitol
Albany, NY 12224-0341

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

          Plaintiff Shawn Green, a New York State prison inmate who is

proceeding *pro se* and *in forma pauperis*, has commenced this action pursuant to 42 U.S.C. § 1983, alleging deprivation of his civil rights.  In his complaint plaintiff asserts a host of claims arising from his incarceration based upon events alleged to have occurred largely during 2006 and 2007, naming as defendants several employees of the New York State Department of Correctional Services ("DOCS"), including the superintendent of the prison facility in which he was housed at the relevant times, and requesting both monetary and injunctive relief.

In response to Green's complaint, defendant Regina Hillier moves for dismissal of plaintiffs' claim against her as facially lacking in merit and additionally asserting entitlement to qualified immunity.  For the reasons set forth below, I recommend that defendants' motion be granted and that all of plaintiff's claims against defendant Hillier be dismissed.

## I.   BACKGROUND[1]

Plaintiff is a prison inmate entrusted to the care and custody of DOCS; while he has since been transferred into another facility, at the

_____

[1]      In light of the procedural posture of the case, the following recitation is drawn principally from plaintiff's amended complaint, Dkt. No. 20, the allegations of which have been credited for purposes of the instant motion.  *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007)); *see also Cooper v. Pate*, 378 U.S. 546, 546, 84 S. Ct. 1733, 1734 (1964).

time of the events detailed in his complaint plaintiff was designated to the

Great Meadow Correctional Facility ("Great Meadow"), located in

Comstock, New York.  *See generally* Amended Complaint (Dkt. No. 20).

Plaintiff subscribes to the religious beliefs of the Nation of Islam ("NOI").

*Id.* ¶ 17.   At various times during the course of his incarceration at Great

Meadow, plaintiff was confined for disciplinary reasons within the Great

Meadow special housing unit ("SHU"), where some of the events forming

the basis for his claims occurred.

Generally speaking, plaintiff alleges that while incarcerated at Great

Meadow he was 1) subjected to unlawful retaliation for having engaged in

protected activity; 2) exposed to the use of excessive force; 3) subjected

to the issuance of false misbehavior reports and disciplinary action based

upon false testimony; 4) denied the ability to attend certain recreation

periods and NOI religious observances; 5) deprived of the use of special

soap for his diagnosed skin disorder; 6) subjected to a delay in receiving

his prescribed medications upon being transferred into the SHU; 7)

exposed to conditions alleged by him to have constituted cruel and

unusual punishment; and 8) subjected to overcharging in connection with

the purchase of a television for personal use.[2]  *See generally* Amended

Complaint (Dkt. No. 20).

II.    PROCEDURAL HISTORY

Plaintiff commenced this action on April 2, 2007.  Dkt. No. 1.  After

approval of his application for leave to proceed *in forma pauperis* and a

brief but somewhat tortured initial procedural history, plaintiff was granted

leave to submit an amended complaint which was subsequently filed on

February 5, 2008, and remains the operative pleading in this case.  Dkt.

No. 20.  Although in many instances bereft of specifics, plaintiff's

amended complaint gives the appearance of being well organized, setting

forth claims falling into five separate but potentially overlapping

categories, designated by him as 1) retaliation; 2) discrimination; 3) Eighth

Amendment; 4) conspiracy; and 5) breach of contract.  Named as

defendants are in excess of twenty DOCS employees; one of those,

Kenneth McLaughlin, is apparently affiliated in some unspecified way with

the DOCS Central Office Review Committee ("CORC"), while the balance

of them are or were at the relevant times employed at Great Meadow,

---

[2]    To the extent necessary in order to address defendant Hillier's specific arguments, plaintiff's claims will be further detailed in the ensuing portions of this report.

4

including Darwin LaClair, the superintendent at that facility and defendant

Regina Hillier, who is alleged to be the Inmate Grievance Program ("IGP")

supervisor.  Plaintiff's amended complaint requests a declaratory

judgment, compensatory damages, and preliminary and permanent

injunctions.  *Id.*

Following service of the amended complaint upon them, all of the

defendants except Hillier moved on May 29, 2008,  pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure, for dismissal of plaintiff's

amended complaint, advancing several grounds for rejection of all or

some of plaintiff's claims, arguing that 1) plaintiff's breach of contract

cause of action is time-barred, and in any event does not implicate a

federal civil rights violation; 2) plaintiff's claims against the CORC and the

defendants in their official capacities are barred by the Eleventh

Amendment; 3) plaintiff has failed to establish personal involvement on

the part of certain of the defendants named in his complaint; 4) several of

plaintiff's claims are substantively deficient as a matter of law; 5) plaintiff's

injunctive relief claims are barred by 42 U.S.C. § 1983; 6) plaintiff is

precluded by the intra-corporate conspiracy doctrine from pursuing his

conspiracy claims; and 7) in any event, defendants are entitled to qualified

immunity.[3]  Dkt. No. 57.  Plaintiff responded in opposition to defendants'
motion by affirmation filed on August 11, 2008.  Dkt. No. 60.  On March
20, 2009, the court issued a report and recommendation recommending
that defendants' motion be granted, in part.[4]  Dkt. 67.

Defendant Hillier moved on December 11, 2008, pursuant to Rule
12(b)(6) of the Federal Rules of Civil Procedure, for dismissal of plaintiff's
amended complaint, advancing several grounds for rejection of all of
plaintiff's claims against her, joining in the arguments made by the co-
defendants in their previously filed motion to dismiss and separately
arguing that 1) her alleged violation of the grievance procedures does not
state a constitutional deprivation cognizable under section 1983; 2)

---

[3]  At the time, Hillier had not been served with the amended complaint and
therefore did not join in defendants' motion.  A DOCS deputy counsel has since signed
and returned a form, apparently upon authorization of Hillier, acknowledging receipt of
the summons and amended complaint by mail.  Dkt. 64.

[4]  In my report and recommendation I recommended that plaintiff's claim for
violation of section 1983 premised upon breach of contract as well as any pendent
state law claim for breach of contract be dismissed, and further that plaintiff's causes
of action for deliberate medical indifference and conspiracy, his claim against
defendant B. Winchell alleging that Winchell gave false testimony at a disciplinary
hearing, plaintiff's First Amendment free religious exercise cause of action, all claims
against defendants McLaughlin and Greene, and all claims for damages against the
remaining defendants in their official capacities, be dismissed, with leave to replead
only with respect to plaintiff's deliberate medical indifference claim, but that
defendants' motion otherwise be denied.  Dkt. 67.  On April 17, 2009, plaintiff filed
objections to the court's report and recommendation, which remain pending before
District Judge Glen T. Suddaby.  Dkt. 68.

plaintiff's claims are substantively deficient as a matter of law; 3) plaintiff's injunctive relief claims are barred by 42 U.S.C. § 1983; 4) plaintiff is precluded by the intra-corporate conspiracy doctrine from pursuing his conspiracy claims; and 5) in any event, she is entitled to qualified immunity. Dkt. 65. Plaintiff opposes defendant Hillier's motion. Dkt. 66.

Defendant's motion, which is now ripe for determination, has been referred to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c). *See also* Fed. R. Civ. P. 72(b).

III.   DISCUSSION

    A.   Dismissal Motion Standard

A motion to dismiss a complaint, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, calls upon a court to gauge the facial sufficiency of that pleading, utilizing as a backdrop a pleading standard which is particularly unexacting in its requirements. Rule 8 of the Federal Rules of Civil Procedure requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Absent applicability of a heightened pleading requirement such as that imposed under Rule 9, a plaintiff is not

required to plead specific factual allegations to support the claim; rather, "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (other quotations omitted)); *cf. Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (acknowledging that a plaintiff may properly be required to illuminate a claim with some factual allegations in those contexts where amplification is necessary to establish that the claim is "plausible"). Once the claim has been stated adequately, a plaintiff may present any set of facts consistent with the allegations contained in the complaint to support his or her claim. *Twombly*, 127 S. Ct. at 1969 (observing that the Court's prior decision in *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99 (1957), "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival").

In deciding a Rule 12(b)(6) dismissal motion, the court must accept the material facts alleged in the complaint as true, and draw all inferences in favor of the non-moving party. *Cooper v. Pate*, 378 U.S. 546, 546, 84

S. Ct. 1733, 1734 (1964); *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d

292, 300 (2d Cir. 2003), *cert. denied*, 540 U.S. 823, 124 S. Ct. 153 (2003);

*Burke v. Gregory*, 356 F. Supp. 2d 179, 182 (N.D.N.Y. 2005) (Kahn, J.).

The burden undertaken by a party requesting dismissal of a complaint

under Rule 12(b)(6) is substantial; the question presented by such a

motion is not whether the plaintiff is likely ultimately to prevail, "'but

whether the claimant is entitled to offer evidence to support the claims.'"

*Log On America, Inc. v. Promethean Asset Mgmt. L.L.C.*, 223 F. Supp. 2d

435, 441 (S.D.N.Y. 2001) (quoting *Gant v. Wallingford Bd. of Educ.*, 69

F.3d 669, 673 (2d Cir. 1995) (other quotations omitted)).  Accordingly, a

complaint should be dismissed on a motion brought pursuant to Rule

12(b)(6) only where the plaintiff has failed to provide some basis for the

allegations that support the elements of his or her claim.  *See Twombly*,

127 S. Ct. at 1969, 1974; *see also Patane v. Clark*, 508 F.3d 106, 111-12,

(2d Cir. 2007) ("In order to withstand a motion to dismiss, a complaint

must plead 'enough facts to state a claim for relief that is plausible on its

face.'") (quoting *Twombly*, 127 S. Ct. at 1974).  "While *Twombly* does not

require heightened fact pleading of specifics, it does require enough facts

to 'nudge [plaintiff's] claims across the line from conceivable to plausible.'"

*In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1974).

When assessing the sufficiency of a complaint against this backdrop, particular deference should be afforded to a *pro se* litigant whose complaint merits a generous construction by the court when determining whether it states a cognizable cause of action.  *Erickson*, 127 S. Ct. at 2200 ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976) (internal quotations omitted)); *Davis v. Goord*, 320 F.3d 346, 350 (2d Cir. 2003) (citation omitted); *Donhauser v. Goord*, 314 F. Supp. 2d 119, 121 (N.D.N.Y. 2004) (Hurd, J.), *vacated in part on other grounds*, 317 F. Supp. 2d 160 (N.D.N.Y. 2004) (Hurd, J.).  In the event of a perceived deficiency in a *pro se* plaintiff's complaint, a court should not dismiss without granting leave to amend at least once if there is any indication that a valid claim might be stated.  *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

B.    Procedural Due Process Violation

Plaintiff's claim against defendant Hillier revolves around her alleged

failure to provide plaintiff with a copy of the superintendent's decision of

December 13, 2006, apparently regarding a grievance that plaintiff had

filed alleging misconduct of several of the defendants in this action, as

well as her alleged refusal to grant plaintiff an extension of time to take an

appeal.  Amended Complaint (Dkt. 20) ¶ 48.  Defendant maintains that

these allegations, even if true, would not support the finding of a

constitutional violation.

"To state a claim under § 1983, 'a plaintiff must allege the violation

of a right secured by the Constitution and laws of the United State . . . .'"

*Torres v. Mazzuca*, 246 F.Supp. 2d 334, 342 (S.D.N.Y. 2003)(quoting

*West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988)).  More

specifically, to establish a due process claim, the plaintiff must allege that

he has been deprived of a protected liberty interest in order for the due

process requirements of the Fourteenth Amendment to attach.  *Id.*

(quotations omitted). "Prison grievance procedures [,however,] do not

confer any substantive right upon an inmate requiring the procedural

protections envisioned by the Fourteenth Amendment."  *Id.* (citations and

11

footnote omitted).

The establishment and implementation of an administrative

grievance procedure affords prison inmates a means for airing of

concerns regarding prison conditions that can be resolved prior to

commencement of formal litigation, and such a process can serve as an

effective mechanism for dealing with such internal matters without having

to burden the courts with potentially unnecessary litigation.  Toward that

end, as an encouragement for inmates to pursue this avenue of redress,

the Prison Litigation Reform Act of 1996 ("PLRA"), Pub. L. No. 104-134,

110 Stat. 1321 (1996), precludes commencement of an action brought to

address prison conditions, including under 42 U.S.C. § 1983, until internal

available administrative remedies are fully exhausted.  42 U.S.C. §

1997e(a).

New York prison inmates are subject to an Inmate Grievance

Program established by the DOCS, and recognized as an "available"

remedy for purposes of the PLRA.  *See Mingues v. Nelson*, No. 96 CV

5396, 2004 WL 324898, at *4 (S.D.N.Y. Feb. 20, 2004) (citing *Mojias v.

Johnson*, 351 F.3d 606 (2003) and *Snider v. Melindez*, 199 F.3d 108,

112-13 (2d Cir.1999)).  The New York Inmate Grievance Program consists

of a three-step review process.  First, a written grievance is submitted to

the Inmate Grievance Review Committee ("IGRC") within fourteen days of

the incident.[5]  7 N.Y.C.R.R. § 701.5(a).  The IGRC, which is comprised of

inmates and facility employees, then issues a determination regarding the

grievance.  7 N.Y.C.R.R. § 701.5(b).  If an appeal is filed, the

superintendent of the facility next reviews the IGRC's determination and

issues a decision.  *Id.* § 701.5(c).  The third level of the process affords

the inmate the right to appeal the superintendent's ruling to the CORC,

which makes the final administrative decision.  *Id.* § 701.5(d).  Only upon

exhaustion of these three levels of review may a prisoner seek relief

pursuant to section 1983 in federal court.  *Reyes v. Punzal*, 206

F.Supp.2d 431, 432 (W.D.N.Y. 2002) (citing, *inter alia*, *Sulton v. Greiner*,

No. 00 Civ. 0727, 2000 WL 1809284, at *3 (S.D.N.Y. Dec. 11, 2000)).

Despite the fact that New York prison inmates are required to avail

themselves of this established inmate grievance procedure as a

necessary predicate to commencing an action complaining of prison

conditions, and resort to that grievance process is regarded as protected

activity under the First Amendment which insulates inmates against

---

[5]      The IGP supervisor may waive any of the time requirements due to
"mitigating circumstances."  7 N.Y.C.R.R. §§ 701.5(a)(1) and 701.6(g).

retaliation for engaging in such activity, *see Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996), there is no constitutional right of access to the established inmate grievance program.  *Davis v. Buffardi,* No. 0:01-CV-0285, 2005 WL 1174088, at *3 (N.D.N.Y. May 4, 2005) (Magnuson, J.) ("[p]articipation in an inmate grievance process is not a constitutionally protected right") (citations omitted); *Shell v. Brzezniak*, 365 F. Supp.2d 362, 369-70 (W.D.N.Y. 2005) ("[i]nmate grievance programs created by state law are not required by the Constitution and consequently allegations that prison officials violated those procedures does not give rise to a cognizable § 1983 claim") (citations omitted); *Cancel v. Goord*, No. 00 CIV 2042, 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001)(McKenna, J.) ("inmate grievance procedures are not required by the Constitution and therefore a violation fo such procedures does not give rise to a claim under § 1983") (citations omitted).

The allegations against defendant Hillier arise out of her role as IGP supervisor and appear in a single paragraph of plaintiff's amended complaint.  Amended Complaint (Dkt. 20) ¶ 48.  Plaintiff alleges that defendant's actions in failing to provide him with a copy of the superintendent's adverse decision in response to his grievance regarding

14

staff misconduct and denying him an extension of time to appeal that decision hindered further inquiry into his grievance as well as his access to the court, and further that defendant's actions were willful "culminating in an agreement, understanding or by [sic] a meeting of the minds with other co-conspirator [sic] set forth in paragraph 42 and 50 reiterated herein."[6] *Id.*

The lynchpin of a procedural due process claim is a showing that the plaintiff has been deprived of a cognizable property or liberty interest, without due process of law.  *See Ferrara v. Superintendent, New York State Police*, 26 F.Supp.2d 410, 413 (N.D.N.Y. 1998) (Kahn, J.)  In this instance, plaintiff's complaint fails to disclose that he suffered any such deprivation as a result of defendant Hillier's alleged actions.  In that regard I note in that plaintiff's complaint fails to disclose that he suffered any actual injury as a result of defendant Hillier's actions.  In fact, plaintiff specifically alleges that his administrative remedies were exhausted, and that his grievances were denied, non-grievable and/or that the

---

[6]  In paragraph forty-two of the amended complaint, plaintiff asserts that defendant Williams conducted frivolous investigations of his grievances, while paragraph fifty alleges that defendant LaClair failed to remedy, created and/or allowed the unconstitutional practices.  Amended Complaint (Dkt. 20) ¶ 42.  As the constitutional bases for these claims, plaintiff alleges the First, Eighth and Fourteenth Amendments.  *Id.* at ¶ 54.

superintendent's decision was not provided to him in sufficient time for plaintiff to file an appeal.  Amended Complaint (Dkt. 20) ¶ 52-53.  To the extent these allegations are proven to be true, while they fail to provide an adequate basis for a claim of constitutional violation, they may ultimately excuse any alleged failure of plaintiff to exhaust administrative remedies.

Along the same lines, plaintiff's alleged deprivation of access to the court provides insufficient basis for his claim against defendant Hillier. While the Constitution does mandate that inmates be afforded access to the courts, *see Bounds v. Smith*, 430 U.S. 817, 823, 97 S. Ct. 1491, 1495 (1977), actions such as those alleged on the part of defendant Hillier are not tantamount to interference with that right, since under the PLRA a plaintiff whose access to the grievance process has been hindered or foiled by actions of prison officials are excused from the PLRA's exhaustion requirement and permitted to file suit without having completed that process.  *See Hemphill v. New York*, 380 F.3d 680, 686-91 (2d Cir. 2004).

Finally, construing plaintiff's claim liberally to assert violations of his First and/or Eighth Amendment rights against defendant Hillier, plaintiff has not alleged any facts supporting such claims.  To the that extent

plaintiff's claims in this regard rest upon an alleged conspiracy, I have already recommended that the conspiracy claim against all defendants be dismissed.[7]  Dkt. 67.

For all of the foregoing reasons it does not appear that plaintiff has suffered a constitutional deprivation at the hands of defendant Hillier.  I therefore recommend that defendant's motion seeking dismissal of plaintiff's claims against her be granted.

### C.    Leave to Replead

Ordinarily, a *pro se* plaintiff whose claims are found to be insufficient to withstand scrutiny under Rule 12(b)(6) should be granted leave to replead at least once to afford him or her the opportunity to cure any perceived deficiencies and assert a proper claim.[8]  *Branum*, 927 F.2d at 704-05.  When, however, in reviewing the factual allegations lodged in a complaint it is clear to the court that amendment would be futile, and that

---

[7]  To the extent that defendant Hillier has raised the intra-agency conspiracy doctrine, unavailability of injunctive relief and qualified immunity in support of her motion to dismiss, I incorporate by reference my discussion and recommendations with regard to these issues as set forth in my report and recommendation dated March 30, 2009.  In addition, I note that in light of my recommendation that plaintiff's claims against defendant Hillier be dismissed on the merits, there is no need to address the issue of qualified immunity.

[8]  As previously noted, plaintiff has already once amended his complaint in this action.

17

no cognizable claim could be asserted based upon the circumstances presented, leave to replead may be denied. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [pro se plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") In this instance I make such a finding, concluding that the claims deemed dismissible in this motion are futile and, accordingly, recommend that plaintiff be denied the opportunity to replead.

IV.   SUMMARY AND RECOMMENDATION

Plaintiff's allegations against defendant Hillier appear in that section of his amended complaint labeled "conspiracy," and relate solely to her position as IGP supervisor and her alleged failures to provide him with a copy of the superintendent's December 13, 2006 decision relating to one of his grievances, and to grant plaintiff an extension of time to file an appeal from that decision. Plaintiff alleges that defendant Hillier's conduct hindered further inquiry into the grievance as well as his access to the courts and was part of defendants' (all of whom are DOCS employees) conspiracy.

Having carefully considered defendant's motion in view of the

18

formative stage of the proceedings at which it is made, given the limited

factual allegations that plaintiff has made against defendant Hillier to

support the alleged constitutional violations, I find that she is entitled to

dismissal of all causes of action against her.  Accordingly, it is hereby

respectfully

RECOMMENDED that defendant's motion be GRANTED and all

claims against defendant Hillier be DISMISSED, without leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge

written objections to the foregoing report.  Such objections shall be filed

with the Clerk of the Court within TEN days of service of this report.

FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d),

72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of

this Report and Recommendation upon the parties in accordance with this

court's local rules.

David E. Peebles
U.S. Magistrate Judge

Dated:      April 30, 2009
            Syracuse, NY

19