UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAWN GREEN,

                Plaintiff,

v.                                                                                              9:07-CV-0351
                                                                                               (GTS/DEP)

GARY GREENE, Superintendent; DARWIN LaCLAIR,
Superintendent; DAVID A. CARPENTER,
Program Deputy; RICHARD W. POTTER,
Administrative Deputy; R. EASTMAN, Captain;
R. JUCKELL, J. BAISLEY; D. SAWYER;
S. WINCHELL; B. WINCHELL; T. LOOMAN;
T. VEDDER; SHEPANSKI; D. WILLIAMS;
C. RUSSELL; C. CHARBONEAU; J. ALLEN;
G. BLOOD; JOHN DOE; JOHN/JANE DOE;
J. DANIEL; R. HILLIER; KENNETH McLAUGHLIN;
CENTRAL OFFICE REVIEW COMMITTEE;
R. McCLURE; IMAM ELMI; C. GOODMAN,
Inmate Grievance Program Supervisor; and
R.K. WOODS,

                Defendants.
_____

APPEARANCES:                                                              OF COUNSEL:

SHAWN GREEN, 97-A-0801
  Plaintiff, *Pro Se*
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902-0500

HON. ANDREW M. CUOMO                                 ROGER W. KINSEY, ESQ.
  Attorney General for the State of New York          Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

    Currently before the Court in this *pro se* prisoner civil rights action filed by Shawn Green

("Plaintiff") against twenty-seven individuals who are employed by, and one committee that is part of, the New York State Department of Correctional Services ("Defendants") are (1) a motion to dismiss for failure to state a claim filed by Defendant Hillier, (2) a motion to dismiss for failure to state a claim filed by the remaining Defendants ("the non-Hillier Defendants"), and (3) Magistrate Judge David E. Peebles' Report-Recommendations of March 30, 2009, and April 30, 2009, recommending that Defendant Hillier's motion be granted, and the non-Hillier Defendants' motion to dismiss be granted in part and denied in part. (Dkt. Nos. 57, 65, 67, 69.) Plaintiff has filed timely Objections to both Report-Recommendations. (Dkt. Nos. 68, 70.) For the reasons set forth below, both Report-Recommendations are accepted and adopted in their entirety; Defendant Hillier's motion to dismiss is granted and the non-Hillier Defendants' motion to dismiss is granted in part and denied in part; various of Plaintiff's claims are dismissed; and the remainder of Plaintiff's Second Amended Complaint is conditionally dismissed unless, within thirty (30) days of this Decision and Order, Plaintiff pays the Court's filing fee of three hundred fifty dollars ($350).

## I.  BACKGROUND

On February 5, 2008, Plaintiff filed a Second Amended Complaint in this action against Defendants. (Dkt. No. 20.) Generally, liberally construed, Plaintiff's Second Amended Complaint asserts claims arising under the First, Eighth and Fourteenth Amendments, based on a number of incidents of retaliation, excessive force, religious discrimination, inadequate medicare care and/or cruel-and-unusual punishment that occurred while he was incarcerated at Great Meadow Correctional Facility in 2006 and 2007. (*Id*.) As to Defendant Hillier, Plaintiff asserts a First Amendment denial-of-access-to-courts claim, alleging that Defendant Hillier failed to provide him with a copy of a grievance decision and also denied him an extension of time to

2

appeal that decision. (*Id.* at ¶ 49.)

On May 29, 2008, the non-Hillier Defendants filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), seeking dismissal of all claims against them on a variety of grounds (including untimeliness, the Eleventh Amendment, a lack of personal involvement, a lack of standing, the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 [1994], and the doctrine of qualified immunity). (Dkt. No. 57.) On August 11, 2008, after receiving an extension of time in which to do so, Plaintiff submitted a response in opposition to the non-Hillier Defendants' motion to dismiss. (Dkt. No. 60.) On March 30, 2009, Magistrate Judge Peebles issued a Report-Recommendation recommending that the non-Hillier Defendants' motion be granted in part and denied in part. (Dkt. No. 67.) In particular, Magistrate Judge Peebles recommended that only the following claims asserted by Plaintiff be dismissed: (1) Plaintiff's claim for violation of 42 U.S.C. § 1983 premised on breach of contract, as well as any state law claim of breach of contract; (2) his claim for deliberate indifference to a serious medical need under the Eighth Amendment; (3) his claim for civil conspiracy; (4) his claim against Defendant B. Winchell alleging that Winchell gave false testimony at a disciplinary hearing; (5) his free-exercise-of-religion claim under the First Amendment; (6) all claims against Defendants McLaughlin and Greene; and (7) all claims against the remaining Defendants in their official capacities. (*Id.*)[1] On April 17, 2009, Plaintiff filed his Objections to the Report-Recommendation. (Dkt. No. 68.)

Meanwhile, on December 11, 2008, Defendant Hillier also filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), seeking dismissal of all claims

---

[1] Familiarity with the grounds of Magistrate Judge Peebles' Report-Recommendation of March 30, 2009, is assumed in this Decision and Order. (*See* Dkt. No. 67.)

against her because (1) Plaintiff failed to state a claim, and (2) she is entitled to qualified immunity. (Dkt. No. 65, Part 2.) On January 15, 2009, Plaintiff submitted a response in opposition to Defendant Hillier's motion to dismiss. (Dkt. No. 66.) On April 30, 2009, Magistrate Judge Peebles issued a Report-Recommendation recommending that Defendant Hillier's motion be granted, because Plaintiff failed to allege facts plausibly suggesting that he suffered an actual deprivation (as a result of Defendant Hillier's actions) that would support a due process claim. (Dkt. No. 69.)[2] On May 18, 2009, Plaintiff filed an Objection to the Report-Recommendation. (Dkt. No. 70.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[3] When only general objections are made to a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*,

---

[2] Again, familiarity with the grounds of Magistrate Judge Peebles' Report-Recommendation of April 30, 2009, is assumed in this Decision and Order. (*See* Dkt. No. 69.)

[3] On *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], aff'd without opinion, 175 F.3d 1007 (2d Cir.1999).[4]  Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice.  *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

> **B.  Standard Governing a Motion to Dismiss for Failure to State a Claim**

It has long been understood that a defendant may base a motion to dismiss for failure to state a claim on either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim.  *Jackson v. Onondaga County*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review) [citations omitted].

With regard to the first ground, Fed. R. Civ. P. 8(a)(2) requires that a pleading contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) [emphasis added].  By requiring this "showing," Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a short and plain statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests."  *Jackson*, 549 F. Supp.2d at 212,

---

[4]  *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

n.17 [citations omitted]. The main purpose of this rule is to "facilitate a proper decision on the merits." *Id*. at 212, n.18 [citations omitted].[5]

The Supreme Court has long characterized this pleading requirement under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal," and has repeatedly rejected judicially established pleading requirements that exceed this liberal requirement. *Id*. at 212, n.20 [citations omitted]. However, even this liberal notice pleading standard "has its limits." *Id*. at 212, n.21 [citations omitted]. As a result, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet this liberal notice pleading standard. *Id*. at 213, n.22 [citations omitted].

Most notably, in *Bell Atlantic Corporation v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turning on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the

---

[5] *See also Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial.") [citation omitted]; *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("[T]he principle function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial.") [citations omitted].

pleading must contain at least "some factual allegation[s]." *Id*. at 1965 [citations omitted]. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*. [citations omitted].[6]

As have other Circuits, the Second Circuit has recognized that the clarified plausibility standard that was articulated by the Supreme Court in *Twombly* governs *all* claims, including claims brought by *pro se* litigants (although the plausibility of those claims is to be assessed generously, in light of the special solicitude normally afforded *pro se* litigants).[7] It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [citation omitted; emphasis added]. That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added]. That

---

[6] *See also Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) ("[The Supreme Court] is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*.").

[7] *See, e.g.*, *Jacobs v. Mostow*, 271 F. App'x 85, 87 (2d Cir. March 27, 2008) (in *pro se* action, stating, "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'") [citation omitted] (summary order, cited in accordance with Rule 32.1[c][1] of the Local Rules of the Second Circuit); *Boykin v. KeyCorp.*, 521 F.3d 202, 215-16 (2d Cir. 2008) (finding that borrower's *pro se* complaint sufficiently presented a "*plausible* claim of disparate treatment," under Fair Housing Act, to give lenders fair notice of her discrimination claim based on lenders' denial of her home equity loan application) [emphasis added].

statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level.[8]

Finally, in reviewing a complaint for dismissal under Fed. R. Civ. P. 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor. This standard is applied with even greater force where the plaintiff alleges civil rights violations and/or where the complaint is submitted *pro se*. However, while the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed),[9] it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in

---

[8] For example, in *Erickson*, the Supreme Court held that, because the plaintiff-prisoner had alleged that, during the relevant time period, he suffered from hepatis C, he had alleged facts plausibly suggesting that he possessed a sufficiently serious medical need for purposes of an Eighth Amendment claim of inadequate medical care. *Erickson*, 127 S. Ct. at 2199-2200. Expressed differently, the Court held that such a plaintiff need not *also* allege that he suffered an independent and "substantial injury" as a result of the termination of his hepatis C medication (a requirement that had been imposed by the district court). This point of law is hardly a novel one, which is presumably why the *Erickson* decision was relatively brief. Prior to the Supreme Court's decision, numerous decisions, from district courts within the Second Circuit alone, had found that suffering from hepatitis C constitutes having a serious medical need for purposes of the Eighth Amendment. *See, e.g., Rose v. Alvees*, 01-CV-0648, 2004 WL 2026481, at *6 (W.D.N.Y. Sept. 9, 2004); *Verley v. Goord*, 02-CV-1182, 2004 WL 526740, at *10 n.11 (S.D.N.Y. Jan. 23, 2004); *Johnson v. Wright*, 234 F. Supp.2d 352, 360 (S.D.N.Y. 2002); *McKenna v. Wright*, 01-CV-6571, 2002 WL 338375, at *6 (S.D.N.Y. March 4, 2002); *Carbonell v. Goord*, 99-CV-3208, 2000 WL 760751, at *9 (S.D.N.Y. June 13, 2000). The important thing is that, in *Erickson*, even the *pro se* plaintiff was required to allege some sort of fact.

[9] *Sealed Plaintiff v. Sealed Defendant # 1*, No. 06-1590, 2008 WL 3294864, at *5 (2d Cir. Aug. 12, 2008); *see also Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

Fed. R. Civ. P. 8, 10 and 12.[10]  Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[11]  Stated more plainly, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended."  *Jackson*, 549 F. Supp.2d at 214, n.28 [citations omitted].

### III.   ANALYSIS

####    A.   Motion to Dismiss Filed by the Non-Hillier Defendants

On balance, Plaintiff's Objections of April 17, 2009 to Judge Peebles' Report-Recommendation of May 30, 2009 are specific in nature. (Dkt. No. 68, at 2-8.)  As a result, a *de novo* standard of review is appropriate.  *See*, *supra*, Part II.A. of this Decision and Order.

After carefully reviewing all of the papers in this action, including Magistrate Judge Peebles' Report-Recommendation of April 30, 2009, and Plaintiff's Objection thereto, the Court concludes that the Report-Recommendation is correct in all respects.  Magistrate Judge Peebles

---

[10]   *See Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (extra liberal pleading standard set forth in *Haines v. Kerner*, 404 U.S. 519 [1972], did not save *pro se* complaint from dismissal for failing to comply with FED. R. CIV. P. 8); *accord*, *Shoemaker v. State of Cal.*, 101 F.3d 108 (2d Cir. 1996) (citing *Prezzi v. Schelter*, 469 F.2d 691) [unpublished disposition cited only to acknowledge the continued precedential effect of *Prezzi v. Schelter*, 469 F.2d 691, within the Second Circuit]; *accord*, *Praseuth v. Werbe*, 99 F.3d 402 (2d Cir.1995).

[11]   *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") [citation omitted], *accord*, *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983); *cf. Phillips v. Girdich*, 408 F.3d 124, 128, 130 (2d Cir. 2005) (acknowledging that *pro se* plaintiff's complaint could be dismissed for failing to comply with Rules 8 and 10 if his mistakes either "undermine the purpose of notice pleading []or prejudice the adverse party").

employed the proper standards, accurately recited the facts alleged, and properly applied the law to those facts. (*See* Dkt. No. 67.) As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein. More specifically, the Court dismisses the following claims asserted by Plaintiff: (1) Plaintiff's claim for violation of 42 U.S.C. § 1983 premised on breach of contract, as well as any state law claim of breach of contract; (2) his claim for deliberate indifference to a serious medical need under the Eighth Amendment; (3) his claim for civil conspiracy; (4) his claim against Defendant B. Winchell alleging that Winchell gave false testimony at a disciplinary hearing; (5) his free-exercise-of-religion claim under the First Amendment; (6) all claims against Defendants McLaughlin and Greene; and (7) all claims against the remaining Defendants in their official capacities.

The Court notes that, under the circumstances, granting Plaintiff leave to amend (before dismissing these claims) is unnecessary for two independent reasons: (1) any such amendment would be futile;[12] and (2) Plaintiff was already afforded an opportunity to amend.[13]

---

[12] *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") [citation omitted]; *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (finding that repleading would be futile) [citation omitted].

[13] *Shuler v. Brown*, 07-CV-0937, 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) (McAvoy, J., adopting Report-Recommendation by Lowe, M.J.) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord*, *Smith v. Fischer*, 07-CV-1264, 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009) (Hurd, J., adopting Report-Recommendation by Lowe, M.J.); *see also Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec., Inc.*, 16 F. Supp. 2d 375, 384 (S.D.N.Y. 1998) (denying leave to amend where plaintiff had already amended complaint once).

B.   **Motion to Dismiss Filed by Defendant Hillier**

Unlike Plaintiff's Objections of April 17, 2009 to Judge Peebles' Report-Recommendation of May 30, 2009, Plaintiff's Objections of May 18, 2009 to Judge Peebles' Report-Recommendation of April 30, 2009 are general in nature. (Dkt. No. 70, at 2-3.) As a result, a clear-error standard of review is appropriate. *See*, *supra*, Part II.A. of this Decision and Order.

After carefully reviewing all of the papers in this action, including Magistrate Judge Peebles' Report-Recommendation, and Plaintiff's objection thereto, the Court concludes that the Report-Recommendation is well-reasoned and not clearly erroneous. As a result, the Court accepts and adopts the Report-Recommendation in its entirety.

The Court notes that Magistrate Judge Peebles' Report-Recommendation would survive a *de novo* review for the reasons stated therein. (*See* Dkt. No. 69.) The Court notes also that, under the circumstances, granting Plaintiff leave to amend is unnecessary for the two independent reasons described above in Part III.A. of this Decision and Order.

C.   **Revocation of *In Forma Pauperis* Status**

Section 1915(g) of Title 28 of the United States Code provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) [emphasis added]. This section of the PLRA has been referred to as the "three strikes" rule. *Welch v. Galie,* 207 F.3d 130, 132 (2d Cir. 2000). By enacting this "three strikes" rule, Congress intended to deter prisoners from filing frivolous civil rights suits and

appeals. *Tafari v. Hues*, 473 F.3d 440, 443-44 (2d Cir. 2007); *Nicholas v. Tucker*, 114 F.3d 17, 19 (2d Cir. 1997); *Gill v. Pidlypchak*, 02-CV-1460, 2006 WL 3751340, at *2 (N.D.N.Y. Dec. 19, 2006) (Scullin, J., adopting Report-Recommendation by Treece, M.J.).

It should be noted that the "three strikes" rule does not *prevent* a prisoner (who has "three strikes" and who is not under imminent danger of serious physical injury) from bringing a civil rights action, but "only affects the prisoner's ability to file the action *in forma pauperis*." *Welch*, 207 F.3d at 132. It should also be noted that the power of a federal district court to invoke this "three strikes" rule is not limited to the outset of litigation but extends all throughout the pendency of the proceeding; therefore, a federal district court has the authority to rescind or vacate the *in forma pauperis* status previously granted if the court discovers that granting *in forma pauperis* status was improvident. *See, e.g., Brown v. Kepiec*, 06-CV-1126, 2009 WL 818959, at *2 (N.D.N.Y. Mar. 25, 2009) (Suddaby, J.); *Welch v. Charlan*, 06-CV-0061, 2008 WL 5382353, at *1 (N.D.N.Y. Dec. 16, 2008) (Suddaby, J.) [citation omitted]; *Johnson v. Connolly*, 07-CV-0158, 2008 WL 724167, at *7, n.15 (N.D.N.Y. March 17, 2008) (Kahn, J., adopting Report-Recommendation by Lowe, M.J.) [collecting cases].[14]

### 1. Calculation of Strikes

After reviewing Plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service, the Court finds that, as of March 23, 2007 (the

---

[14] *See also Rolle v. Garcia,* 04-CV-0312, Report-Recommendation, at 27 (N.D.N.Y. filed Jan. 29, 2007) (Lowe, M.J.), *adopted on other grounds,* 04-CV-0312, 2007 WL 672679 (N.D.N.Y. Feb. 28, 2007) (Kahn, J.); *cf. Polanco v. Hopkins,* 510 F.3d 152, 154-56 (2d Cir. 2007) (dismissing prisoner's appeal from district court decision revoking his *in forma pauperis* status on March 23, 2007, more than three years after it was granted on March 16, 2004); *cf. Tafari,* 473 F.3d at 442-44 (vacating district court decision revoking prisoner's *in forma pauperis* status because one of the three "strikes" was not really a strike, not because district court lacked authority to revoke *in forma pauperis* status).

date on which Plaintiff signed his original Complaint in this action), Plaintiff had acquired at least *four* "strikes" for purposes of 28 U.S.C. § 1915(g): (1) *Green v. Selsky*, 97-CV-0956, Order (N.D.N.Y. filed Sept. 30, 1999) (Hurd, J.) (granting defendants' motion to dismiss for failure to state claim pursuant to Fed. R. Civ. P. 12[b][6]); (2) *Green v. Selsky*, Order, No. 99-0309 (2d Cir. filed Dec. 26, 2000) (denying motion for reinstatement of appeal "because the appeal is subject to dismissal as frivolous"); (3) *Green v. Selsky*, 97-CV-6325, Order (W.D.N.Y. filed Dec. 2, 1997) (*sua sponte* dismissing complaint for failure to state claim immediately after filing of complaint, and expressly noting that dismissal is a strike for purposes of 28 U.S.C. § 1915); and (4) *Green v. Steltz*, 99-CV-5884, Order (S.D.N.Y. filed Apr. 4, 2000) (*sua sponte* dismissing complaint for failure to state claim pursuant to 28 U.S.C. § 1915 immediately after filing of amended complaint).[15]

The Court notes that, before Plaintiff filed his original Complaint in this action, the Western District of New York had also concluded that Plaintiff has accumulated at least three strikes for purposes of 28 U.S.C. § 1915(g). *See Green v. Morse*, 00-CV-6533, 2006 WL 2927871, at *2-3 (W.D.N.Y. Oct. 12, 2006).

Based on this finding, Plaintiff's *in forma pauperis* status may be properly revoked, and he may be properly required to prepay in full the applicable filing fee in order to pursue his claims in this matter, absent applicability of the imminent danger exception set forth in 28 U.S.C. § 1915(g). *See Johnson*, 2008 WL 724167, at *7, n.15 [collecting cases].

---

[15] In addition, the Court notes, on March 31, 2006, the Southern District of New York issued an Order dismissing one of his actions for failure to state a claim, and, on September 5, 2007, the Second Circuit dismissed Plaintiff's appeal from the Southern District's Order. *See Shawn v. Green*, 04-CV-10202, 2006 WL 846272 (S.D.N.Y. March 31, 2006); *Shawn v. Green*, No. 06-3931, Mandate (2d Cir. filed Sept. 5, 2007).

### 2.     Inapplicability of Imminent Danger Exception

As stated above in Part III.C. of this Decision and Order, 28 U.S.C. § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury*." 28 U.S.C. § 1915(g). Because 28 U.S.C. § 1915(g) creates an exception for prisoners who are under imminent danger of serious physical injury when they "bring a civil action," the imminent-danger exception applies only when such danger exists *at the time the action is brought*. *See Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002). As the Second Circuit explained in *Malik*,

> We agree with our sister circuits that § 1915(g) allows prisoners to escape the three strikes rule only if 'the prisoner *is* under imminent danger of serious physical injury.' (emphasis added). Because § 1915(g) uses the present tense in setting forth the imminent danger exception, it is clear from the face of the statute that the danger must exist at the time the complaint is filed. Further, '[b]y using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.' *Abdul-Akbar* [*v. McKelvie*], 239 F.3d [307] at 315 [3d Cir. 2001]. Accordingly, the language of § 1915(g) makes clear that the 'imminent danger' exception only applies to danger existing at the time the complaint is filed.

*Malik*, 293 F.3d at 562-63.[16] Moreover, "[w]hen determining whether a prisoner has qualified

---

[16]     *Accord*, *Polanco v. Hopkins*, No. 07-1739, 2007 WL 4258724, at *2-3 (2d Cir. Dec. 6, 2007) (declining to overturn the Second Circuit's time-of-filing interpretation set forth in *Malik*); *Pettus v. Morgenthau*, No. 07-0395, 2009 WL 189901, at *2 (2d Cir. Jan. 28, 2009) ("[F]or a prisoner to qualify for the imminent danger exception, the danger must be present when he files his complaint–in other words, a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a   complaint is filed.") [citations omitted]; *see also Johnson v. Barney*, 04-CV-10204, 2005 WL 2173950, at *1 (S.D.N.Y. Sept. 6, 2005)

14

for the 'imminent danger' exception, courts look at the non-conclusory allegations in the plaintiff's complaint." *Welch v. Charlan,* 06-CV-0061, 2008 WL 5382353, at *1, n.2 (N.D.N.Y. Dec. 16, 2008) (Suddaby, J.).[17]

Here, Plaintiff's original Complaint was signed, and thus "filed" (pursuant to the prison "mailbox rule"), on March 23, 2007. (Dkt. No. 1, at 8.) Plaintiff's Second Amended Complaint, which superceded and replaced the Complaint, was filed on June 5, 2007. (Dkt. No. 20, at 9.) The Court does not liberally construe the allegations of Plaintiff's Second Amended Complaint as plausibly suggesting any *danger of serious physical injury*. (*See id*.) In pertinent part, Plaintiff's Second Amended Complaint alleges as follows: (1) he did not received Dove soap for a "skin disorder" on September 6, 2006; (2) he was subjected to excessive force on October 16, 2006, and November 15, 2006 (causing him to experience "swelling . . . [and] redness on the face and wrist . . . [and a] laceration . . . [and] facial tumor"); (3) he experienced a delay in receiving three "medications" on November 15, 2006 (specifically, "Avandia, Multi-vitamins,

---

("[T]he exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct.") [internal quotation marks and citation omitted]; *McFadden v. Parpan*, 16 F. Supp.2d 246, 247 (E.D.N.Y. 1998) (noting that imminent danger to the plaintiff must exist at the time he seeks to file the action, not at the time of the alleged incidents that form the basis of his claims).

[17]     *See also Avent v. Fisher*, 07-CV-1135, 2008 WL 5000041, at *3, n.3 (N.D.N.Y. filed Nov. 20, 2008) (Hurd, J., adopting Report-Recommendation by Lowe, M.J.); *Palacio v. N.Y.S. Div. of Parole*, 08-CV-0963, 2008 WL 4899255, at *2, n.2 (N.D.N.Y. Sept. 30, 2008) (Lowe, M.J.), adopted by 2008 U.S. Dist. LEXIS 91807 (N.D.N.Y. Nov. 12, 2008) (Scullin, J.); *Escalera v. Graham*, 08-CV-0412, 2008 WL 4200128, at *2, n.2 (N.D.N.Y. Sept. 8, 2008) (Sharpe, J., adopting Report-Recommendation by Lowe, M.J.); *Henderson v. Clover Field*, 08-CV-0504, 2008 WL 2405705, at *3, n.2 (N.D.N.Y. June 11, 2008) (McCurn, J., adopting Report-Recommendation by Lowe, M.J.); *Johnson v. Connolly*, 07-CV-0158, 2008 WL 724167, at *9 & n.18 (N.D.N.Y. March 17, 2008) (Kahn, J., adopting Report-Recommendation by Lowe, J.); *Welch v. Fisher*, 07-CV-0929, 2007 WL 3231992, at *1-2 (N.D.N.Y. Oct. 30, 2007) (McAvoy, J.); *Abdrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[A]ll [circuits] maintain a singular focus on the facts alleged in the complaint in deciding whether a prisoner faced the requisite harm.") [collecting cases].

[and] Polyearbphil"); (4) he was deprived of keeplock recreation during October and November of 2006; and (5) he did not receive a religious meal on February 26, 2007. (*Id*.) However, these alleged acts do not rise to the level of a danger of serious physical injury. (*Id*.)

In any event, even if the Court could liberally construe such a danger, the Court could not construe such danger as being *imminent* at the time Plaintiff brought this action–on March 23, 2007. *See Abdul-Akbar v. McKelvie*, 239 F.3d, 307, 315 (3d Cir. 2001) ("By using the term 'imminent', Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."); *McFadden*, 16 F.Supp. 2d at 247 (noting that imminent danger must occur at the time the plaintiff seeks to file the suit, and not at the time of the alleged incidents). Simply stated, in this case, there is a *temporal disconnect* between the rather isolated injuries Plaintiff allegedly experienced from October 2006 through February 26, 2007, and the filing date of the Complaint on March 23, 2006. As one judge of this Court has correctly observed,

> [t]he Second Circuit [has] affirmed a district court's finding of no-imminent-danger under circumstances involving an analogous temporal disconnect. *See Polanco v. Hopkins*, No. 07-1739, 2007 WL 4258724 (2d Cir. Dec. 6, 2007). In *Polanco v. Hopkins*, the plaintiff alleged that (1) defendants were effectively forcing him to breathe 'black mold' in a prison shower, exacerbating both his AIDS condition and his Hepatitis-B condition, and (2) defendants had deprived him of hygienic items and a proper diet while in the prison SHU, causing him to lose weight. *Polanco v. Hopkins*, 03-CV-6661, 2007 WL 914023, at *3-5 (W.D.N.Y. March 23, 2007) . . . . With respect to the second claim (regarding his proper hygiene and diet while in SHU), the Western District ruled there was no 'imminent danger' alleged due to a . . . temporal disconnect between the date of the injury (on March 25-27, 2003) and the date of the filing (on December 29, 2003). *Id*. at *5 & n. 1. On appeal, the Second Circuit agreed, affirming the Western District's ruling. *See Polanco v. Hopkins*, No. 07-1739, 2007 WL 4258724, at *2 (2d Cir. Dec.6, 2007) ('Nor did the District Court err in determining that Polanco's 'allegations cannot support a

16

>    determination that he was in imminent danger' of serious physical
>    injury with respect to his claims relating to the health risks
>    associated with his exposure to mold or to his claim of unjust
>    discipline.').

*Chavis v. Curlee*, 06-CV-0049, 2008 WL 508694, at *8 (N.D.N.Y. Feb. 21, 2008) (Kahn, J., adopting Report-Recommendation by Lowe, M.J.).

For all of these reasons, the Court concludes that the imminent-danger exception does not apply to this case, and that Plaintiff's *in forma pauperis* application was improvidently granted. As a result, the Court conditionally dismisses the remainder of Plaintiff's Second Amended Complaint unless, within thirty (30) days of this Decision and Order, Plaintiff pays the Court's filing fee of three hundred fifty dollars ($350).[18]

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendations of March 30, 2009 and April 30, 2009 (Dkt. Nos. 67, 69) are **ACCEPTED** and **ADOPTED** in their entirety; and it is further

**ORDERED** that the non-Hillier Defendants' motion to dismiss (Dkt. No. 57) is **GRANTED in part**, and **DENIED in part**, such that the claims described above in Part III.A. of this Decision and Order are **DISMISSED**; and it is further

**ORDERED** that Defendant Hillier's motion to dismiss (Dkt. No. 65) is **GRANTED in its entirety** such that all claims as to Defendant Hillier are **DISMISSED**; and it is further

---

[18] The Court notes that, despite Plaintiff's claim in his *in forma pauperis* petition that he is without funds or valuable property (*see* Dkt. No. 2, ¶¶ 4-6, 8), it appears that, over the years, he has received more than $14,125 while in prison through settlements of various of his numerous *pro se* prisoner civil rights actions in federal court alone. *See Green v. City of New York*, 97-CV-6652, 98-CV-0825, 98-CV-1226 (S.D.N.Y.) (settled together for $8,000 on Nov. 13, 2006); *Green v. Mamzi*, 97-CV-5816 (S.D.N.Y.) (settled for $875 on Nov. 20, 2002); *Green v. C.O. Middleton*, 97-CV-8191 (S.D.N.Y.) (settled for $5,250 on June 20, 1999).

**ORDERED** that the remainder of Plaintiff's Second Amended Complaint (Dkt. No. 20) is **conditionally DISMISSED** unless, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff pays the Court's filing fee of **THREE HUNDRED FIFTY DOLLARS** ($350); and it is further

**ORDERED** that, in the event that Plaintiff fails to pay the Court's filing fee of three hundred fifty dollars ($350), the remainder of his Second Amended Complaint will be dismissed without further Order of this Court.

Dated: August 5, 2009
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge