UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAWN GREEN,

                     Plaintiff,

v.                                    9:07-CV-0351
                                    (GTS/DEP)

GARY GREENE, Superintendent; DARWIN LaCLAIR,
Superintendent; DAVID A. CARPENTER,
Program Deputy; RICHARD W. POTTER,
Administrative Deputy; R. EASTMAN, Captain;
R. JUCKELL, J. BAISLEY; D. SAWYER;
S. WINCHELL; B. WINCHELL; T. LOOMAN;
T. VEDDER; SHEPANSKI; D. WILLIAMS;
C. RUSSELL; C. CHARBONEAU; J. ALLEN;
G. BLOOD; JOHN DOE; JOHN/JANE DOE;
J. DANIEL; R. HILLIER; KENNETH McLAUGHLIN;
CENTRAL OFFICE REVIEW COMMITTEE;
R. McCLURE; IMAM ELMI; C. GOODMAN,
Inmate Grievance Program Supervisor; and
R.K. WOODS,

                     Defendants.
_____

APPEARANCES:                             OF COUNSEL:

SHAWN GREEN, 97-A-0801
  Plaintiff, *Pro Se*
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902-0500

HON. ANDREW M. CUOMO                ROGER W. KINSEY, ESQ.
  Attorney General for the State of New York     Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

## AMENDED DECISION and ORDER

     Currently before the Court in this *pro se* prisoner civil rights action filed by Shawn Green

("Plaintiff") against twenty-seven individuals who are employed by, and one committee that is part of, the New York State Department of Correctional Services ("Defendants") are (1) a motion to dismiss for failure to state a claim filed by Defendant Hillier, (2) a motion to dismiss for failure to state a claim filed by the remaining Defendants ("the non-Hillier Defendants"), and (3) Magistrate Judge David E. Peebles' Report-Recommendations of March 30, 2009, and April 30, 2009, recommending that Defendant Hillier's motion be granted, and the non-Hillier Defendants' motion to dismiss be granted in part and denied in part.  (Dkt. Nos. 57, 65, 67, 69.)  Plaintiff has filed timely Objections to both Report-Recommendations.  (Dkt. Nos. 68, 70.)

On August 5, 2009, the Court issued a Decision and Order that, *inter alia*, conditionally dismissed certain of Plaintiff's claims unless, within thirty (30) days of that Decision and Order, Plaintiff pays the Court's filing fee of three hundred fifty dollars.  (Dkt. No. 71, at 11-17.)  However, that portion of the Decision and Order was inadvertently in error, because, on May 18, 2007, Plaintiff had paid the Court's filing fee.  (*See* Docket Entry for 5/18/2007.)  As a result, the Court hereby vacates its Decision and Order of August 5, 2009, and issues this Amended Decision and Order.

For the reasons set forth below, both Report-Recommendations are accepted and adopted in their entirety; Defendant Hillier's motion to dismiss is granted and the non-Hillier Defendants' motion to dismiss is granted in part and denied in part; and various of Plaintiff's claims are dismissed.

## I.   BACKGROUND

On February 5, 2008, Plaintiff filed a Second Amended Complaint in this action against Defendants.  (Dkt. No. 20.)  Generally, liberally construed, Plaintiff's Second Amended Complaint asserts claims arising under the First, Eighth and Fourteenth Amendments, based on a

number of incidents of retaliation, excessive force, religious discrimination, inadequate medicare care and/or cruel-and-unusual punishment that occurred while he was incarcerated at Great Meadow Correctional Facility in 2006 and 2007.  (*Id.*)  As to Defendant Hillier, Plaintiff asserts a First Amendment denial-of-access-to-courts claim, alleging that Defendant Hillier failed to provide him with a copy of a grievance decision and also denied him an extension of time to appeal that decision.  (*Id.* at ¶ 49.)

On May 29, 2008, the non-Hillier Defendants filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), seeking dismissal of all claims against them on a variety of grounds (including untimeliness, the Eleventh Amendment, a lack of personal involvement, a lack of standing, the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 [1994], and the doctrine of qualified immunity).  (Dkt. No. 57.)  On August 11, 2008, after receiving an extension of time in which to do so, Plaintiff submitted a response in opposition to the non-Hillier Defendants' motion to dismiss.  (Dkt. No. 60.)  On March 30, 2009, Magistrate Judge Peebles issued a Report-Recommendation recommending that the non-Hillier Defendants' motion be granted in part and denied in part.  (Dkt. No. 67.)  In particular, Magistrate Judge Peebles recommended that only the following claims asserted by Plaintiff be dismissed: (1) Plaintiff's claim for violation of 42 U.S.C. § 1983 premised on breach of contract, as well as any state law claim of breach of contract; (2) his claim for deliberate indifference to a serious medical need under the Eighth Amendment; (3) his claim for civil conspiracy; (4) his claim against Defendant B. Winchell alleging that Winchell gave false testimony at a disciplinary hearing; (5) his free-exercise-of-religion claim under the First Amendment; (6) all claims against Defendants McLaughlin and Greene; and (7) all claims against the remaining Defendants in their

3

official capacities.  (*Id.*)[1]  On April 17, 2009, Plaintiff filed his Objections to the Report-Recommendation.  (Dkt. No. 68.)

Meanwhile, on December 11, 2008, Defendant Hillier also filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), seeking dismissal of all claims against her because (1) Plaintiff failed to state a claim, and (2) she is entitled to qualified immunity.  (Dkt. No. 65, Part 2.)  On January 15, 2009, Plaintiff submitted a response in opposition to Defendant Hillier's motion to dismiss.  (Dkt. No. 66.)  On April 30, 2009, Magistrate Judge Peebles issued a Report-Recommendation recommending that Defendant Hillier's motion be granted, because Plaintiff failed to allege facts plausibly suggesting that he suffered an actual deprivation (as a result of Defendant Hillier's actions) that would support a due process claim.  (Dkt. No. 69.)[2]  On May 18, 2009, Plaintiff filed an Objection to the Report-Recommendation.  (Dkt. No. 70.)

## II.    APPLICABLE LEGAL STANDARDS

### A.    Standard of Review

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *See* 28 U.S.C. § 636(b)(1)(C).[3]

---

[1]    Familiarity with the grounds of Magistrate Judge Peebles' Report-Recommendation of March 30, 2009, is assumed in this Decision and Order.  (*See* Dkt. No. 67.)

[2]    Again, familiarity with the grounds of Magistrate Judge Peebles' Report-Recommendation of April 30, 2009, is assumed in this Decision and Order.  (*See* Dkt. No. 69.)

[3]    On *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir.

When only general objections are made to a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice.  *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], aff'd without opinion, 175 F.3d 1007 (2d Cir.1999).[4]  Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice.  *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

### B.   Standard Governing a Motion to Dismiss for Failure to State a Claim

It has long been understood that a defendant may base a motion to dismiss for failure to state a claim on either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim.  *Jackson v. Onondaga County*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review) [citations omitted].

---

1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[4]      *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

With regard to the first ground, Fed. R. Civ. P. 8(a)(2) requires that a pleading contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. By requiring this "showing," Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a short and plain statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 [citations omitted]. The main purpose of this rule is to "facilitate a proper decision on the merits." *Id*. at 212, n.18 [citations omitted].[5]

The Supreme Court has long characterized this pleading requirement under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal," and has repeatedly rejected judicially established pleading requirements that exceed this liberal requirement. *Id*. at 212, n.20 [citations omitted]. However, even this liberal notice pleading standard "has its limits." *Id*. at 212, n.21 [citations omitted]. As a result, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet this liberal notice pleading standard. *Id*. at 213, n.22 [citations omitted].

Most notably, in *Bell Atlantic Corporation v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears

---

[5]     *See also Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial.") [citation omitted]; *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("[T]he principle function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial.") [citations omitted].

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69.  Rather than turning on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim.  *Id*. at 1965-74.  The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]."  *Id*. at 1965 [citations omitted].  More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true.  *Id*. [citations omitted].[6]

As have other Circuits, the Second Circuit has recognized that the clarified plausibility standard that was articulated by the Supreme Court in *Twombly* governs *all* claims, including claims brought by *pro se* litigants (although the plausibility of those claims is to be assessed generously, in light of the special solicitude normally afforded *pro se* litigants).[7]  It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary"

---

[6]     *See also Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) ("[The Supreme Court] is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*.").

[7]     *See, e.g.*, *Jacobs v. Mostow*, 271 F. App'x 85, 87 (2d Cir. March 27, 2008) (in *pro se* action, stating, "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'") [citation omitted] (summary order, cited in accordance with Rule 32.1[c][1] of the Local Rules of the Second Circuit); *Boykin v. KeyCorp.*, 521 F.3d 202, 215-16 (2d Cir. 2008) (finding that borrower's *pro se* complaint sufficiently presented a "*plausible* claim of disparate treatment," under Fair Housing Act, to give lenders fair notice of her discrimination claim based on lenders' denial of her home equity loan application) [emphasis added].

to successfully state a claim under Fed. R. Civ. P. 8(a)(2).  *Erickson v. Pardus*, 127 S. Ct. 2197,

2200 (2007) [citation omitted; emphasis added].  That statement was merely an abbreviation of

the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading

need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state

a claim.  *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added].  That

statement did not mean that all pleadings may achieve the requirement of "fair notice" without

ever alleging any facts whatsoever.  Clearly, there must still be enough fact set out (however set

out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative

level to a plausible level.[8]

Finally, in reviewing a complaint for dismissal under Fed. R. Civ. P. 12(b)(6), the court

must accept the material facts alleged in the complaint as true and construe all reasonable

inferences in the plaintiff's favor.  This standard is applied with even greater force where the

plaintiff alleges civil rights violations and/or where the complaint is submitted *pro se*.  However,

while the special leniency afforded to *pro se* civil rights litigants somewhat loosens the

---

[8]      For example, in *Erickson*, the Supreme Court held that, because the plaintiff-
prisoner had alleged that, during the relevant time period, he suffered from hepatis C, he had
alleged facts plausibly suggesting that he possessed a sufficiently serious medical need for
purposes of an Eighth Amendment claim of inadequate medical care.  *Erickson*, 127 S. Ct. at
2199-2200.  Expressed differently, the Court held that such a plaintiff need not *also* allege that
he suffered an independent and "substantial injury" as a result of the termination of his hepatis C
medication (a requirement that had been imposed by the district court).  This point of law is
hardly a novel one, which is presumably why the *Erickson* decision was relatively brief.  Prior to
the Supreme Court's decision, numerous decisions, from district courts within the Second Circuit
alone, had found that suffering from hepatitis C constitutes having a serious medical need for
purposes of the Eighth Amendment.  *See, e.g., Rose v. Alvees*, 01-CV-0648, 2004 WL 2026481,
at *6 (W.D.N.Y. Sept. 9, 2004); *Verley v. Goord*, 02-CV-1182, 2004 WL 526740, at *10 n.11
(S.D.N.Y. Jan. 23, 2004); *Johnson v. Wright*, 234 F. Supp.2d 352, 360 (S.D.N.Y. 2002);
*McKenna v. Wright*, 01-CV-6571, 2002 WL 338375, at *6 (S.D.N.Y. March 4, 2002); *Carbonell
v. Goord*, 99-CV-3208, 2000 WL 760751, at *9 (S.D.N.Y. June 13, 2000).  The important thing
is that, in *Erickson*, even the *pro se* plaintiff was required to allege some sort of fact.

procedural rules governing the form of pleadings (as the Second Circuit has observed),[9] it does

not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in

Fed. R. Civ. P. 8, 10 and 12.[10]   Rather, as both the Supreme Court and Second Circuit have

repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural

rules that even *pro se* civil rights plaintiffs must follow.[11]   Stated more plainly, when a plaintiff is

proceeding *pro se*, "all normal rules of pleading are not absolutely suspended."  *Jackson*, 549 F.

Supp.2d at 214, n.28 [citations omitted].

## III.    ANALYSIS

### A.    Motion to Dismiss Filed by the Non-Hillier Defendants

On balance, Plaintiff's Objections of April 17, 2009 to Judge Peebles' Report-

Recommendation of May 30, 2009 are specific in nature.  (Dkt. No. 68, at 2-8.)  As a result, a *de*

---

[9]     *Sealed Plaintiff v. Sealed Defendant # 1*, No. 06-1590, 2008 WL 3294864, at *5 (2d Cir. Aug. 12, 2008); *see also Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

[10]    *See Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (extra liberal pleading standard set forth in *Haines v. Kerner*, 404 U.S. 519 [1972], did not save *pro se* complaint from dismissal for failing to comply with Fed. R. Civ. P. 8); *accord*, *Shoemaker v. State of Cal.*, 101 F.3d 108 (2d Cir. 1996) (citing *Prezzi v. Schelter*, 469 F.2d 691 [unpublished disposition cited only to acknowledge the continued precedential effect of *Prezzi v. Schelter*, 469 F.2d 691, within the Second Circuit]; *accord*, *Praseuth v. Werbe*, 99 F.3d 402 (2d Cir.1995).

[11]    *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . .  we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") [citation omitted], *accord*, *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983); *cf. Phillips v. Girdich*, 408 F.3d 124, 128, 130 (2d Cir. 2005) (acknowledging that *pro se* plaintiff's complaint could be dismissed for failing to comply with Rules 8 and 10 if his mistakes either "undermine the purpose of notice pleading []or prejudice the adverse party").

*novo* standard of review is appropriate.  *See*, *supra*, Part II.A. of this Decision and Order.

After carefully reviewing all of the papers in this action, including Magistrate Judge Peebles' Report-Recommendation of April 30, 2009, and Plaintiff's Objection thereto, the Court concludes that the Report-Recommendation is correct in all respects.  Magistrate Judge Peebles employed the proper standards, accurately recited the facts alleged, and properly applied the law to those facts.  (*See* Dkt. No. 67.)  As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein.  More specifically, the Court dismisses the following claims asserted by Plaintiff: (1) Plaintiff's claim for violation of 42 U.S.C. § 1983 premised on breach of contract, as well as any state law claim of breach of contract; (2) his claim for deliberate indifference to a serious medical need under the Eighth Amendment; (3) his claim for civil conspiracy; (4) his claim against Defendant B. Winchell alleging that Winchell gave false testimony at a disciplinary hearing; (5) his free-exercise-of-religion claim under the First Amendment; (6) all claims against Defendants McLaughlin and Greene; and (7) all claims against the remaining Defendants in their official capacities.

The Court notes that, under the circumstances, granting Plaintiff leave to amend (before dismissing these claims) is unnecessary for two independent reasons: (1) any such amendment would be futile;[12] and (2) Plaintiff was already afforded an opportunity to amend.[13]

---

[12]    *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") [citation omitted]; *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (finding that repleading would be futile) [citation omitted].

[13]    *Shuler v. Brown*, 07-CV-0937, 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) (McAvoy, J., adopting Report-Recommendation by Lowe, M.J.) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord*, *Smith v. Fischer*, 07-CV-1264, 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009) (Hurd, J., adopting Report-Recommendation by Lowe, M.J.); *see also Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying

**B.      Motion to Dismiss Filed by Defendant Hillier**

Unlike Plaintiff's Objections of April 17, 2009 to Judge Peebles' Report-Recommendation of May 30, 2009, Plaintiff's Objections of May 18, 2009 to Judge Peebles' Report-Recommendation of April 30, 2009 are general in nature.  (Dkt. No. 70, at 2-3.)  As a result, a clear-error standard of review is appropriate.  *See*, *supra*, Part II.A. of this Decision and Order.

After carefully reviewing all of the papers in this action, including Magistrate Judge Peebles' Report-Recommendation, and Plaintiff's objection thereto, the Court concludes that the Report-Recommendation is well-reasoned and not clearly erroneous.  As a result, the Court accepts and adopts the Report-Recommendation in its entirety.

The Court notes that Magistrate Judge Peebles' Report-Recommendation would survive a *de novo* review for the reasons stated therein.  (*See* Dkt. No. 69.)  The Court notes also that, under the circumstances, granting Plaintiff leave to amend is unnecessary for the two independent reasons described above in Part III.A. of this Decision and Order.

**ACCORDINGLY**, it is

**ORDERED** that the Court Decision and Order of August 5, 2009 (Dkt. No. 71) is **<u>VACATED</u>** and superseded by the current Amended Decision and Order; and it is further

**ORDERED** that Magistrate Judge Peebles' Report-Recommendations of March 30, 2009, and April 30, 2009 (Dkt. Nos. 67, 69) are **<u>ACCEPTED</u>** and **<u>ADOPTED</u>** in their entirety; and it is further

---

leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec., Inc.*, 16 F. Supp. 2d 375, 384 (S.D.N.Y. 1998) (denying leave to amend where plaintiff had already amended complaint once).

       **ORDERED** that the non-Hillier Defendants' motion to dismiss (Dkt. No. 57) is

**<u>GRANTED</u> in part**, and **<u>DENIED</u> in part**, such that the claims described above in Part III.A.

of this Decision and Order are **<u>DISMISSED</u>**; and it is further

       **ORDERED** that Defendant Hillier's motion to dismiss (Dkt. No. 65) is **<u>GRANTED</u> in**

**its entirety** such that all claims as to Defendant Hillier are **<u>DISMISSED</u>**.

Dated: February 2, 2010
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

12