UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAWN GREEN,

                            Plaintiff,

v.                                                         9:07-CV-0351
                                                        (GTS/DEP)

GARY GREEN; *et al.*,

                            Defendants.
_____

APPEARANCES:                                         OF COUNSEL:

SHAWN GREEN, 97-A-0801
  Plaintiff, *Pro Se*
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902-0500

HON. ANDREW M. CUOMO                    ROGER W. KINSEY, ESQ.
  Attorney General for the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court in this *pro se* prisoner civil rights action filed by Shawn Green ("Plaintiff") is his motion for an Order vacating the Court's Decision and Order of August 5, 2009, and/or recusing the undersigned from presiding over this action. (Dkt. No. 74.) On February 2, 2010, the Court's Decision and Order of August 5, 2009, was superseded by an Amended Decision and Order, which (for purposes of Plaintiff's motion to vacate) was identical to the Court's Decision and Order of August 5, 2009). (Dkt. No. 84.) As a result, the Court liberally construes Plaintiff's request to vacate as also regarding the Court's Amended Decision

and Order of February 2, 2010. After carefully considering the matter, Plaintiff's motion is denied for five reasons.

First, to the extent that Plaintiff's motion is one to vacate a final judgment, order or proceeding under Fed. R. Civ. P. 60(b), that motion was filed too early in that there has been no final judgment, final order, or final proceeding issued yet in this action. (*See generally* Docket Sheet.) Rather, the Court's Decision and Order of August 5, 2009 (and its Amended Decision and Order of February 2, 2010), *partially* denied Defendants' motions for summary judgment, permitting certain of Plaintiff's claims to proceed to trial. (Dkt. No. 71; Dkt. No. 84.) Thus, it was not a final order. *See Sea Trade Co. Ltd. v. Fleetboston Financial Corp.*, 03-CV-10254, 2009 WL 4667102, at *2 (S.D.N.Y. Dec. 9, 2009). As a result, Plaintiff cannot yet seek to vacate any final judgment, order or judgment under Fed. R. Civ. P. 60(b).

Second, in the alternative, any such motion to vacate is unsupported by a showing of cause for the "extraordinary judicial relief" requested in that motion. *Keesh v. Smith*, 04-CV-0779, 2008 WL 2242618, at *1 (N.D.N.Y. May 29, 2008) (Mordue, C.J.) [citation omitted].

Third, to the extent that Plaintiff's motion is more properly construed as one for reconsideration under the Local Rules of Practice for this Court, that motion was filed too late. However, such a motion must be filed no later than ten calendar days after the entry of the challenged order. *See* N.D.N.Y. L.R. 7.1(g) ("[A] party may file . . . a motion for reconsideration . . . no later than **TEN CALENDAR DAYS** after the entry of the challenged judgment, order or decree.") [emphasis in original].[1] Here, the challenged Decision and Order

---

[1] The Court notes that, to assist *pro se* litigants, the Clerk of this Court had, by the time the Court issues its Decision and Order of August 5, 2009, provided to all correctional facilities in New York State–including Plaintiff's correctional facility–copies of the Northern

was entered on August 5, 2009. (Dkt. No. 71.) However, Plaintiff's motion for reconsideration was not filed until September 3, 2009. (Dkt. No. 74, at 1, 3 [attaching Notice of Motion dated 9/3/2009, and Affidavit dated 9/3/2009]; *see also* Dkt. No. 74, Attach. 1, at 6, 7 [attaching Memorandum of Law dated 9/3/2009, and Affirmation of Service dated 9/3/2009].)[2]

Fourth, in the alternative, any such motion for reconsideration satisfies none of the three prerequisites for reconsideration. (See Dkt. No. 74, Attach. 1, at 2-5 [Memorandum of Law].)[3]

Fifth and finally, Plaintiff's motion for recusal is unsupported by a showing of cause. A federal judge must recuse himself in any proceeding where "his impartiality might reasonably be questioned [or] he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ." 28 U.S.C. § 455. In cases where a judge's impartiality might reasonably be questioned, the issue for consideration is not whether the judge is in fact subjectively impartial, but whether the objective facts suggest impartiality. *See Liteky v. United States*, 510 U.S. 540, 548 (1994). The ultimate inquiry is whether "a reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned." *Hughes v. City of Albany*, 33 F. Supp.2d 152, 153 (N.D.N.Y.)

---

District's Local Rules of Practice.

[2]   Under the "prison mailbox rule," the date of *filing* is deemed to be the date that the prisoner-plaintiff is presumed to have handed his complaint to a prison guard for *mailing*, which is the date that the complaint was *signed*. *See Shaw v. Superint., Attica Corr. Facility*, 03-CV-0610, 2007 WL 951459, at *3 n.3 (N.D.N.Y. March 28, 2007) (McCurn, J.) (habeas corpus proceeding) [citations omitted]; *Garraway v. Broome County, N.Y.*, 03-CV-0681, 2006 WL 931729, at *3-4 (N.D.N.Y. Apr. 7, 2006) (McAvoy, J.) (prisoner civil rights action) [citation omitted].

[3]   *See U.S. v. Sanchez*, 35 F.3d 673, 677 (2d Cir.), *cert. denied*, 514, U.S. 1038 (1995) (generally a court may justifiably reconsider its previous ruling if "[1] there has been an intervening change in controlling law, [2] there is new evidence, or [3] a need is shown to correct a clear error of law or to prevent manifest injustice").

(Kahn, J.) [citation omitted].  Here, the undersigned has no personal bias against Plaintiff or interest in this litigation.  Moreover, Plaintiff has not cited any facts that would suggest that the undersigned has been biased.  The Court notes that a judicial ruling partially against a party does not, in and of itself, constitute a valid basis for a bias or partiality motion; rather, the appropriate remedy is an appeal, once a final judgment has been entered.  *Liteky,* 510 U.S. at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . .  "Almost invariably, [judicial rulings] are proper grounds for appeal, not for recusal.") (citations omitted).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for an Order vacating the Court's Decision and Order of August 5, 2009 (and its Amended Decision and Order of February 2, 2010), and/or recusing the undersigned from presiding over this action (Dkt. No. 74) is **DENIED**.

Dated: February 9, 2010
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge