UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAWN GREEN,

                              Plaintiff,

v.                                                        9:07-CV-0351
                                                           (GTS/DEP)

DARWIN LaCLAIR, Superintendent, Great Meadow
Corr. Facility; ESTATE OF RICHARD W. POTTER,
Admin. Deputy, Great Meadow Corr. Facility;
R.K. WOODS, Captain, Great Meadow Corr. Facility;
WINCHELL, Sergeant, Great Meadow Corr. Facility;
G. BLOOD, Great Meadow Corr. Facility;
R. McCLURE, Corrections Officer, Great Meadow
Corr. Facility; ELMI, Imam, Great Meadow Corr.
Facility; T. NESMITH, Nurse Practitioner, Great
Meadow Corr. Facility; and JOHN DOE,

                              Defendants.
_____

APPEARANCES:

SHAWN GREEN, 97-A-0801
  Plaintiff, *Pro Se*
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021

HON. ERIC T. SCHNEIDERMAN                  ROGER W. KINSEY, ESQ.
Attorney General for the State of New York     Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Shawn

Green ("Plaintiff") against the nine above-named Defendants, are the following: (1) Defendants'

motion for summary judgment pursuant to Fed. R. Civ. P. 56 (Dkt. No. 145); (2) United States

Magistrate Judge David E. Peebles' Report-Recommendation recommending that Defendants' motion be granted in part and denied in part (Dkt. No. 152); and (3) Plaintiff's Objections to the Report-Recommendation (Dkt. No. 155).  For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, and Defendants' motion is granted in part and denied in part.

I.      RELEVANT BACKGROUND

   A.     Plaintiff's Third Amended Complaint

Generally, construed with the utmost of liberality, those portions of Plaintiff's Third Amended Complaint surviving the Court's Orders of July 2, 2010, and February 18, 2011, allege that, while Plaintiff was incarcerated at Great Meadow Correctional Facility in Comstock, New York, his constitutional rights were violated by Defendants in the following manner: (1) Defendants Winchell and McClure retaliated against him for filing grievances in violation of the First Amendment; (2) Defendants Winchell, Nesmith, Elmi and John Doe denied him equal protection of the laws in violation of the Fourteenth Amendment; (3) Defendant Blood wrongfully denied him medications and physical exercise in violation of the Eighth Amendment; and (4) Defendants LaClair, Woods and Potter were personally involved in the above-described constitutional violations by creating the policies under which the violations occurred, recklessly supervising the employees who committed the violations, and/or failing to remedy the violations after being informed of them through report or appeal.  (*See generally* Dkt. No. 93 [Plf.'s Third Am. Compl.].)  Familiarity with the remaining factual allegations supporting these claims is assumed in this Decision and Order, which is intended primarily for review by the parties.

**B.    Parties' Briefing on Defendants' Motion for Summary Judgment**

Generally, in support of their motion for summary judgment, Defendants assert the following four arguments: (1) Plaintiff has failed to adduce admissible record evidence establishing the personal involvement of Defendants LaClair, Woods, and Potter in the underlying constitutional violations; (2) Plaintiff has failed to adduce admissible record evidence establishing a claim for discrimination, retaliation, denial of exercise, denial of religious activities and meals, out and/or deliberate indifference to his serious medical needs; (3) based on the current record, Defendants are protected from liability as a matter of law by the doctrine of qualified immunity; and (4) Plaintiff has failed to meet his burden for obtaining a preliminary injunction, and his claims for injunctive relief are barred by 42 U.S.C. § 1983. (*See generally* Dkt. No. 145, Attach. 3 [Defs.' Memo. of Law].)

Generally, in opposition to Defendants' motion, Plaintiff asserts the following five arguments: (1) Plaintiff has adduced admissible record evidence establishing a claim for the denial of exercise (e.g., that there are no "daily housing block entries" indicating that he was allowed exercise during the entire 30 days that he was confined under keeplock status, and he was unable to exercise in his cell door to poor ventilation); (2) Plaintiff has adduced admissible record evidence establishing a retaliation claim (particularly a causal connection between the adverse action he experienced and his protected speech); (3) Plaintiff has adduced admissible record evidence establishing the personal involvement of Defendants LaClair, Potter and Woods in the constitutional violations alleged (through the three ways described above in Part I.A. of this Decision and Order); (4) Plaintiff has adduced admissible record evidence establishing a claim for discrimination against Defendants Winchell, Nesmith, Elmi and John Doe (for the first

3

time identified as "P. Van Guilder"); and (5) Plaintiff has met his burden for obtaining a preliminary injunction. (*See generally* Dkt. No. 149, Attach. 2 [Plf.'s Opp'n Memo. of Law].)

Generally, in their reply, Defendants argue that, because Plaintiff has failed to properly oppose their Local Rule 7.1 Statement, he has effectively admitted the factual assertions contained in Defendants' Rule 7.1 Statement. (Dkt. No. 150.)

### C.    Magistrate Judge Peebles Report-Recommendation

Generally, Magistrate Judge Peebles' Report-Recommendation recommends that Defendant's motion be granted in part and denied in part. (*See generally* Dkt. No. 152.) More specifically, Magistrate Judge Peebles recommends that all the claims in Plaintiff's Third Amended Complaint be dismissed, except for his Eighth Amendment claim against Defendant Blood relating to the alleged deprivation of exercise during Plaintiff's keeplock confinement, due to a genuine dispute of material fact that exists with regard to that claim, based on the current record. (*Id*. at 36-38, 54.) However, Magistrate Judge Peebles recommends that Defendants' motion be denied only without prejudice with regard to that claim, permitting Defendants to file a second motion for summary for summary judgment on that claim, within thirty days of the Court's Decision and Order on Defendants' first motion. (*Id*.) Familiarity with the remaining grounds of Magistrate Judge Peebles' Report-Recommendation is assumed in this Decision and Order, which is intended primarily for the review of the parties.

### D.    Plaintiff's Objections to the Report-Recommendation

Generally, in his Objections, Plaintiff asserts the following five arguments: (1) Magistrate Judge Peebles erred by not finding either (a) sufficiently significant adverse action against Plaintiff by Defendant Winchell or (b) a causal connection between Plaintiff's grievance

and that adverse action (particularly considering Defendant Winchell's relationship to Scott Winchell, previously dismissed from this action); (2) Magistrate Judge Peebles did not give Plaintiff an adequate opportunity to conduct pre-trial discovery before issuing his Report-Recommendation on Defendants' motion for summary judgment; (3) Magistrate Judge Peebles incorrectly found that Defendant Elmi had a "legitimate penological interest" in failing to make accommodations for National of Islam ("NOI") religious services; (4) Magistrate Judge Peebles incorrectly found that Defendant Winchell had a "legitimate penological interest" in taking the actions that he took regarding Plaintiff's program assignment; and (5) Magistrate Judge Peebles wrongfully recommended that Defendant Blood be permitted a second opportunity to move for summary judgment. (Dkt. No. 155, at 5-11.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1]

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[3]  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

[2]   *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3]   *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[4]   *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely

subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B.   Legal Standard Governing a Motion for Summary Judgment

Magistrate Judge Peebles correctly recited the legal standards governing a motion for summary judgment. (Dkt. No. 152, at 7-10.)  As a result, that standard is incorporated by reference in this Decision and Order, which (again) is intended primarily for the review of the parties.

### III.   ANALYSIS

Even when construed with the utmost of liberality, Plaintiff's Objections largely reiterate the arguments that Plaintiff previously presented in his submission to Magistrate Judge Peebles. (*Compare* Dkt. No. 149, Attach. 2, at 5-15 [Plf.'s Opp'n Memo. of Law] *with* Dkt. No. 155 at 5-

---

constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5]    *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

11 [Plf.'s Obj.].)[6] As explained above in Part II.A. of this Decision and Order, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review. Here, after carefully considering the relevant papers in this action, the Court concludes that Magistrate Judge Peebles' thorough Report-Recommendation is not clearly erroneous. Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*See generally* Dkt. No. 152.) As a result, the Court adopts the Report-Recommendation in its entirety for the reasons stated therein. The Court would add only two brief points.

First, Magistrate Judge Peebles' Report-Recommendation would survive even a *de novo* review. This conclusion applies not only to the portions of the Report-Recommendation challenged by Plaintiff through his repetitive arguments in his Objection but to those portions challenged by Plaintiff through his two new arguments in his Objections. *See*, *supra*, note 6 of this Decision and Order (describing those portions).[7] More specifically, with regard to Plaintiff's argument that he did not receive adequate discovery before responding to Defendants' motion for summary judgment, the Court finds (1) he did in fact receive an adequate opportunity to

---

[6] The only two arguments in Plaintiff's Objections that were not previously presented in his submission to Magistrate Judge Peebles are his arguments that (1) Magistrate Judge Peebles did not give Plaintiff an adequate opportunity to conduct pre-trial discovery before issuing his Report-Recommendation on Defendants' motion for summary judgment, and (2) Magistrate Judge Peebles wrongfully recommended that Defendant Blood be permitted a second opportunity to move for summary judgment. (*Compare* Dkt. No. 149, Attach. 2, at 5-15 [Plf.'s Opp'n Memo. of Law] *with* Dkt. No. 155 at 5-11 [Plf.'s Obj.].)

[7] However, the Court notes that, to the extent that any of the 13 pages of exhibits attached to Plaintiff's Objections were not part of the record presented to Magistrate Judge Peebles' on Defendants' motion, the Court declines to consider them. *See, supra*, note 2 of this Decision and Order.

conduct discovery, based on a review of the docket, (2) permitting him to raise such an argument for the first time at this late stage of the action would waste judicial resources and unacceptably frustrate the purpose of the Magistrates Act, and (3) he has failed to satisfy the requirements of Fed. R. Civ. P. 56(d).[8] Moreover, with regard to Plaintiff's argument that Magistrate Judge Peebles wrongfully recommended that Defendant Blood be given a second opportunity to move for summary judgment, the Court finds that such a brief opportunity is entirely fair, reasonable and efficient under the circumstances, particularly given the extraordinary special solicitude that Plaintiff has been granted in terms of the drafting and construction of his pleadings thus far in this action.[9]

Second, Magistrate Judge Peebles' Report-Recommendation is further supported by the fact that, in his opposition papers, Plaintiff failed to oppose Defendants' qualified immunity argument. (*Compare* Dkt. No. 145, Attach. 3 [Defs.' Memo. of Law] *with* Dkt. No. 149, Attach. 2 [Plf.'s Opp'n Memo. of Law].) When a party opposing a motion for summary judgment fails to respond to an argument contained in the motion, the moving party's burden with respect to that argument is lightened such that, in order to succeed, the argument need only have facial merit. *Rescuecom Corp. v. Chumley*, 07-CV-0690, 2011 WL 2791272, at *3 & n.4 (N.D.N.Y. July 14, 2011) (Suddaby, J.) (collecting authorities). Here, the Court finds that, at the very least,

---

[8] To obtain relief under Fed. R. Civ. P. 56(d), a litigant must submit an affidavit showing "(1) what facts are sought to resist the motion and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort the affiant has made to obtain them, and (4) why the affiant has been unsuccessful in those efforts." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303 (2d Cir. 2003). Here, Plaintiff has done none of those three things.

[9] The Court notes that it is entirely excusable, under the circumstances, for Defendant Blood to have overlooked certain of Plaintiff's allegations and arguments concerning him, given the nature of Plaintiff's Third Amended Complaint and motion papers.

9

Defendants have met their lightened burden with respect to their qualified-immunity argument. (Indeed, the Court would find that Defendants have met their burden even if the Court were to subject Defendants' argument to the more rigorous scrutiny appropriate for a contested argument.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 152) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 145) is **GRANTED in part** and **DENIED in part**, as follows:

   (1) all of Plaintiff's claims in his Third Amended Complaint (Dkt. No. 93) are **DISMISSED with prejudice**, **EXCEPT** for his Eighth Amendment claim against Defendant Blood alleging deprivation of exercise during keeplock confinement, which remains **PENDING** in this action; and

   (2) Defendant Blood is granted **LEAVE** to file a second motion for summary judgment as to the above-described claim within **thirty (30) days** of the date of this Decision and Order.

Dated: March 28, 2012
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge