SHAWN GREEN,

                Plaintiff,

v.

9:07-CV-0351
(GTS/DEP)

CHARLES BLOOD, Corrections Officer,
Great Meadow Correctional Facility,

                Defendant.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| SHAWN GREEN, 97-A-0801<br>  Plaintiff, *Pro Se*<br>Auburn Correctional Facility<br>P.O. Box 618<br>Auburn, New York 13021 | |
| HON. ERIC T. SCHNEIDERMAN<br>Attorney General for the State of New York<br>  Counsel for Defendant<br>The Capitol<br>Albany, New York 12224 | ROGER W. KINSEY, ESQ.<br>Assistant Attorney General |

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Shawn Green ("Plaintiff") against Great Meadow Correctional Facility Corrections Officer Charles Blood ("Defendant") are (1) Defendant's second motion for summary judgment (Dkt. No. 161), (2) United States Magistrate Judge David E. Peebles' Report-Recommendation recommending that Defendant's motion be granted (Dkt. No. 168), and (3) Plaintiff's Objections to the Report-Recommendation (Dkt. No. 171). For the reasons set forth below, the Report-Recommendation

is accepted and adopted in its entirety, Defendant's motion is granted, and Plaintiff's Third Amended Complaint is dismissed.

I. **RELEVANT BACKGROUND**

A. **Relevant Procedural History and Claim**

Plaintiff filed his Complaint in this action on April 2, 2007. (Dkt. No. 1.) On March 5, 2010, Plaintiff filed a Third Amended Complaint, which is the operative pleading in this action. (Dkt. No. 93.) Generally, construed with the utmost of liberality, Plaintiff's Third Amended Complaint alleges, in pertinent part, that, while he was incarcerated in keeplock confinement at Great Meadow Correctional Facility in Comstock, New York, Defendant Blood wrongfully denied him daily exercise during a third-day period between approximately October 16, 2006, and November 16, 2006, in violation of the Eighth Amendment. (*Id*.) Familiarity with the remaining procedural history of this action, and the remaining factual allegations supporting this Eighth Amendment claim, are assumed in this Decision and Order, which is intended primarily for review by the parties.

B. **Parties' Briefing on Defendant's Second Motion for Summary Judgment**

Generally, Defendant's second motion for summary judgment asserts the following three arguments: (1) Plaintiff has failed to adduce admissible evidence establishing, or even allege facts plausibly suggesting, the personal involvement of Defendant in the Eighth Amendment violation alleged, but rather suggests only his involvement in a denial of exercise on November 7, 2006, due to the fact that, at the time the keeplock recreation list was made on that date, Plaintiff was not inside his cell but was at the infirmary for his insulin shot; (2) Plaintiff has failed to adduce admissible evidence establishing, or even allege facts plausibly suggesting, the

existence of either the objective or subjective elements of such an Eighth Amendment claim against Defendant; and (3) based on the current record, Defendant is protected from liability as a matter of law by the doctrine of qualified immunity. (Dkt. No. 161, Attach. 2, at Points I through III.)

Generally, liberally construed, Plaintiff's opposition to Defendant's motion asserts the following three arguments: (1) a genuine dispute of material fact exists regarding whether Defendant was personally involved in the Eighth Amendment violation alleged, because the lack-of-personal-involvement doctrine relied on by Defendant applies only to supervisory officials, and Plaintiff has not alleged Defendant to be such a supervisory official; (2) a genuine dispute of material fact exists regarding whether Defendant was involved in, and/or was responsible for, Plaintiff's missing exercise during the entirety of his keeplock confinement in October and November of 2006, as evident from (a) Grievance Numbers 41-659-06, 41-835-06 and 41-608-06 (which pertained to Defendant), and (b) the B-block log book entries during that period (which show that Plaintiff was not at the infirmary for his insulin shot but was inside his cell during the morning chow runs when the keeplock recreation lists were made); and (3) qualified immunity is inappropriate under the circumstances, because the right to meaningful exercise was clearly established during the time in question. (Dkt. No. 167, at Points I through III.)

### C. Magistrate Judge Peebles Report-Recommendation

On February 25, 2013, Magistrate Judge Peebles issued a Report-Recommendation recommending that Defendant's motion be granted. (Dkt. No. 168.) Generally, in his Report-Recommendation, Magistrate Judge Peebles found as follows: (1) the current record shows

3

Defendant's personal involvement in the denial of Plaintiff's recreation on, at most, one day (specifically, November 7, 2006); (2) the record contains no admissible evidence establishing the objective element of Plaintiff's Eighth Amendment claim against Defendant, because (a) the overwhelming weight of the record evidence (e.g., Grievance Nos. 41,835-06 and 41-569-06) does not support a claim that Plaintiff was denied recreation for 30 days but only for, at most, a week, which is a constitutionally insignificant period of time, (b) Defendant's justification for denying Plaintiff recreation on November 7, 2006 (i.e., that Plaintiff was at the infirmary when the recreation list was made) is supported by, and not contradicted by, the record, and (c) Plaintiff's declaration testimony that he overheard Defendant instruct another officer to deprive him of recreation is so wholly devoid of detail and uncorroborated by the record as to be incredible as a matter of law; (3) the record contains no admissible evidence establishing the subjective element of Plaintiff's Eighth Amendment claim against Defendant, because neither Plaintiff's Third Amended Complaint nor his response in opposition to Defendant's motion even alleges or argues that Plaintiff's health or safety was at risk due to the alleged deprivation or that Defendant knew of that risk; and (4) because adequate grounds existed on which to recommend the granting of Defendant's motion, no recommendation is needed regarding Defendant's qualified immunity argument. (*Id*. at Part III.C.)

    **D.    Plaintiff's Objections to the Report-Recommendation**

On May 11, 2013, after being granted an extension of time in which to do so, Plaintiff submitted his Objections to the Report-Recommendation. (Dkt. No. 171.) Generally, liberally construed, Plaintiff's Objections argue that Magistrate Judge Peebles' findings are erroneous for the following five reasons: (1) Magistrate Judge Peebles incorrectly determined that Plaintiff was

4

deprived of exercised for, at most, only one week, by (a) basing his determination on only Grievance Nos. 41,835-06 and 41,659-06, and Defendant's declaration, (b) failing to inspect the B-block log book entries during the 30-day period of Plaintiff's keeplock confinement, and (c) failing to acknowledge that Grievance No. 41,500-06 (dated October 25, 2006) was in fact related to Defendant even though it did not name him; (2) Magistrate Judge Peebles incorrectly determined that the B-block log book entries do not reveal any evidence that Plaintiff was inside his cell on the morning of November 7, 2006, when in fact the entry for that date shows that Plaintiff was taken to the infirmary 13 minutes after the recreation list was made; (3) because Defendant did not adduce evidence that Plaintiff attended keeplock exercise during the 30-day period in question, or had out-of-cell or in-cell opportunities for exercise available, Magistrate Judge Peebles could not have found in Defendant's favor with regard to the objective element of an Eighth Amendment claim; (4) a genuine dispute of material fact exists with regard to the subjective element of an Eighth Amendment claim based on the evidence that Defendant (a) intentionally did not wear his name tag while on duty, (b) only reluctantly provided his name to Plaintiff on November 7, 2006, and (c) falsely stated that Plaintiff was at the infirmary when the recreation list was made on November 7, 2007; and (5) Magistrate Judge Peebles improperly made a credibility determination with regard to Plaintiff's declaration, in violation of *Jeffreys v. City of New York*, 426 F.3d 549 (2d Cir. 2005). (Dkt. No. 171, at Parts B and C.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review of Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo*

review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

Notes: 1983 Addition.[3] Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[5]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[3] *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[4] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

B.  **Legal Standard Governing Motion for Summary Judgment**

Magistrate Judge Peebles correctly recited the legal standard governing motions for summary judgment. (Dkt. No. 171, at Part III.A.) As a result, this standard is incorporated by reference in this Decision and Order, which (again) is intended primarily for the review of the parties.

III.  **ANALYSIS**

For the sake of brevity, the Court will assume that Plaintiff's Objections specifically address Magistrate Judge Peebles' recommendations, and do so through arguments not presented by Plaintiff in his response papers submitted to Magistrate Judge Peebles–although that is a close question given the overlap in the record evidence relied on by Plaintiff in both sets of papers. (*Compare* Dkt. No. 167 *with* Dkt. No. 171.) In any event, even applying *a de novo* standard of review, the Court must, and does, reject each of Plaintiff's Objections, and adopt Magistrate Judge Peebles' thorough and correct Report-Recommendation for the reasons stated therein. (Dkt. No. 168.)

More specifically, with regard to Plaintiff's first objection (i.e., that Magistrate Judge Peebles incorrectly determined that Plaintiff was deprived of exercise for, at most, only one week), Plaintiff glosses over the fact that, in relying on "the B-block log book entries," Plaintiff cited "Docket ['Dkt.'] No. 120-7." (Dkt. No. 167, at 1.) As correctly observed by Magistrate Judge Peebles, the attachment to that docket entry contains no such log book entries. (*See generally* Dkt. No. 120, Attach. 7.) In opposing Defendant's motion for summary judgment, Plaintiff had the duty to, *inter alia*, "set forth a specific citation to the record where the factual

8

issue arises." N.D.N.Y. L.R. 7.1(b)(3).[6] He had been repeatedly informed of that duty.[7] It was not Magistrate Judge Peebles' duty to scour the affidavits and exhibits presented by the parties on Defendant's motion for summary judgment–much less the 387 pages contained a random docket entry existing outside of the record on Defendant's motion–in search for a dispute of material fact.[8]

In any event, even if admissible record evidence exists from which a rational factfinder could conclude that Plaintiff was deprived of exercise for a duration of time of between one and four weeks, Plaintiff has failed to adduce admissible record evidence from which a rational factfinder could conclude that Defendant was *responsible* for that deprivation. Any assertion that Defendant was responsible for deprivations occurring before November 7, 2006, is mere speculation and conjecture. Not only did Grievance No. 41,500-06 (dated October 25, 2006)

---

[6] He is not excused from this duty because he is proceeding *pro se* in a civil rights case. *See Cusamano v. Sobek*, 604 F. Supp.2d 416, 426-27 & nn.4, 6 (N.D.N.Y. 209) (Suddaby, J.) (citing cases).

[7] (*See, e.g.,* Dkt. No. 161, at 3 [attaching Rule 7.1 Notice]; Dkt. No. 145, at 3 [attaching Rule 7.1 Notice]; N.D.N.Y. L.R. 7.1[a][3] [stating relevant rule, which was on file at Plaintiff's correctional facility when he prepared his response papers]; Dkt. No. 150 [Defs.' Reply on Their First Motion for Summary Judgment, arguing that, because Plaintiff had failed to properly oppose their Local Rule 7.1 Statement, he has effectively admitted the factual assertions contained in their Rule 7.1 Statement].)

[8] *See Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) ("We agree with those circuits that have held that Fed. R. Civ. P. 56 does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute.") (citations omitted); *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 291 (2d Cir.2000) (noting that the Local Rules require the parties "to clarify the elements of the substantive law which remain at issue because they turn on contested facts" and the Court "is not required to consider what the parties fail to point out") (internal quotation marks and citations omitted); *accord, Lee v. Alfonso*, No. 04-1921, 2004 WL 2309715 (2d Cir. Oct. 14, 2004), *aff'g,* 97-CV-1741, 2004 WL 5477530, at *4 (N.D.N.Y. Feb. 10, 2004) (Scullin, J.) (granting motion for summary judgment);

not specifically name Defendant, that grievance was never even alleged by Plaintiff (in his Third Amended Complaint) as involving Defendant. (Dkt. No. 171, Attach. 1, at 1-2; Dkt. No. 93, at ¶ 25.) In any event, even if that grievance did somehow involve Defendant, that fact would extend the deprivation period to approximately two or three weeks in length, still a constitutionally insignificant period. (Dkt. No. 168, at 16.) (As for Plaintiff's declaration testimony that he overheard Defendant instruct another officer to deprive him of recreation, that declaration is discussed below, in the Court's analysis of Plaintiff's fifth objection.)

With regard to Plaintiff's second objection (i.e., that Magistrate Judge Peebles incorrectly overlooked the fact that the B-block log book entry for November 7, 2006, shows that Plaintiff was taken the infirmary 13 minutes after the recreation list was made during the morning chow run), the Court will (again, for the sake of brevity) set aside the obvious fact that it is very possible that the morning chow run, which apparently started at 7:12 a.m., did not in fact reach Plaintiff's cell until after he left for the infirmary, at 7:25 a.m. Such a delay would be entirely consistent with Plaintiff's statement on February 6, 2007, to Sergeant M. Hoy, that he was not in his cell during the morning chow run on October 7, 2006. (Dkt. No. 161, Attach. 5, at 7.) In any event, more important is the fact that the lack-of-a-specific-record-citation point and insignificant-duration point made by the Court above with regard to Plaintiff's first objection apply also with regard to this second objection.

With regard to Plaintiff's third objection (i.e., that Magistrate Judge Peebles erred in finding in Defendant's favor with regard to the objective element of an Eighth Amendment claim, because Defendant did not adduce evidence that Plaintiff attended keeplock exercise during the 30-day period in question, or had out-of-cell or in-cell opportunities for exercise

available), that objection misconstrues (1) the burden on Defendant's motion (which is essentially to show the absence of a genuine dispute of material fact that Defendant was involved in an intentional or reckless deprivation other than one day in length, not that Plaintiff was free from other deprivations at other people's hands during that 30-day period), as well as (2) the standard governing the objective element of an Eighth Amendment claim (which merely treats the referenced factors as non-exhaustive and as part of a balancing test).

With regard to Plaintiff's fourth objection (i.e., that a genuine dispute of material fact exists with regard to the subjective element of an Eighth Amendment claim due to Defendant's asserted efforts to hide his identity from Plaintiff, and the fact that Defendant falsely stated that Plaintiff was at the infirmary when the recreation list was made on November 7, 2007), Plaintiff has failed to adduce any admissible record evidence establishing that, on November 7, 2007, (1) Plaintiff's health or safety would have been at risk if he was deprived of exercise that day, and (2) Defendant knew that fact. Indeed, the latter finding would, again, be mere speculation and conjecture, based on the current record.

With regard to Plaintiff's fifth objection (i.e., that Magistrate Judge Peebles improperly made a credibility determination with regard to Plaintiff's declaration testimony that he overheard Defendant instruct another officer to deprive him of recreation), the Court finds, as an initial matter, that Magistrate Judge Peebles properly applied the rule in *Jeffreys*, for the reasons that he states, and also because Plaintiff's declaration testimony directly contradicts his statement on February 6, 2007, to Sergeant M. Hoy, that he was not in his cell during the morning chow run on October 7, 2006. (Dkt. No. 161, Attach. 5, at 7.)

In any event, even if the Court were not to discredit Plaintiff's referenced declaration testimony, that testimony would be insufficient to create a genuine dispute of material fact under the circumstances. Plaintiff's declaration testimony was as follows: "Plaintiff initially assume[d] there [were] other reasons for him being deprived of keeplock exercise requested daily, until actually overhearing Defendant Blood instructing another officer otherwise. See Grievance #41-500/532-06." (Dkt. No. 167, at ¶ 10.) Again, for the sake of brevity, the Court will set aside the lack of any indication of where Plaintiff overheard this instruction, or to whom it was given; rather, the Court will focus on the date of the allegedly overheard instruction.

The two grievances cited by Plaintiff in his declaration do not shed light on when he heard the alleged instruction; rather, those grievances are dated October 25, 2006, and October 27, 2006 (more than a week before the deprivation of November 7, 2006), and do not contain allegations regarding such an instruction. (Dkt. No. 161, Attach. 5, at 13; Dkt. No. 171, Attach. 1, at 1.) Granted, two other grievances–Grievance Nos. 41-835-06 and 41-659-06–indicate that Plaintiff overheard the instruction on November 7, 2006. (Dkt. No. 161, Attach. 5, at 4-5.) However, even if assumed to be true, such an instruction–which resulted in a deprivation for only a day and, at most, a week–is simply not constitutionally significant. The inference that, because Defendant gave that instruction on November 7, 2006, he must have also given the instruction before that date is riddled with speculation and conjecture. Indeed, had Defendant given the instruction before November 7, 2006, little reason would appear to exist for him to repeat himself on November 7, 2006. Moreover, such an instruction, by itself, in no way indicates that Defendant knew of any risk to Plaintiff's health or safety resulting from his deprivation of daily exercise.

Finally, in the alternative, the Court accepts Defendant's qualified-immunity argument for the reasons stated in his memorandum of law.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 168) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's second motion for summary judgment (Dkt. No. 161) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Third Amended Complaint (Dkt. No. 93) is **DISMISSED**.

Dated: May 22, 2013
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge